IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MARCUS TYRONE BROADNAX,**
**D.O.C. # 129250,**

    Petitioner,

vs.                                                                                  Case No. 3:15cv341-RV/CAS

**SECRETARY, FLORIDA DEPARTMENT**
**OF CORRECTIONS JULIES JONES,**
**and SUWANNEE CORRECTIONAL**
**INSTITUTION  WARDEN REED,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

On August 3, 2015,[1] pro se Petitioner Marcus Tyrone Broadnax filed a "Motion for Time Extension for Habeas Corpus Petition."  Doc. 1.  Specifically, Mr. Broadnax seeks a thirty-day extension of time in which to file his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *Id.*  Mr. Broadnax states that on June 29, 2015, his motion for rehearing was denied in his Rule 3.850 proceeding.  Mr. Broadnax filed a

---

[1] The date Mr. Broadnax signed the motion and delivered it to prison officials for mailing is not legible on the Court's electronic docket.  Doc. 1 at 2.  However, the motion does contain a date stamp showing it was mailed from Suwannee Correctional Institution on July 29, 2015.  *Id.* at 1.

notice of appeal to the Florida Supreme Court which he suggests was not "entertained by the court . . . ."  Id. at 21-2.  Mr. Broadnax also argues that he did not timely receive documents from the courts and faced an impossible one-day window of time in which to timely file his petition.  Id. at 2.  Thus, he requests a thirty-day extension of time or, in the alternative, at least a ten to fifteen day extension of time.  Id.

Mr. Broadnax does not provide information concerning the underlying state conviction or any claims for relief.  A search of Court records reveals Mr. Broadnax does not currently have a § 2254 petition, or any other case, pending in this Court.  Accordingly, a new case was opened with the filing of his motion.  Nevertheless, it is noted that in July 2011, Mr. Broadnax filed a habeas petition under 28 U.S.C. § 2241 while awaiting sentencing in the Circuit Court for Escambia County, Florida.  Case no. 3:11cv347-LC/EMT.  Finding that abstention was appropriate in light of Younger v. Harris, 91 S.Ct. 746 (1971), and because Petitioner could still file a direct appeal of his conviction and thereafter, if necessary, seek post-conviction remedies, the case was dismissed without prejudice in September 2011.  Docs. 8-10.

Judicial notice is taken that Mr. Broadnax submitted his "notice of appeal" to the Florida Supreme Court on July 21, 2015.  Case no. SC15-1357.  The case was dismissed for lack of jurisdiction on July 24, 2015.

This Court has no authority to grant an extension of the one-year federal habeas limitations period set forth in 28 U.S.C. § 2244(d)(1).  A habeas petition is not "pending" until a § 2254 petition is actually filed.  Isaacs v. Head, 300 F.3d 1232, 1239 (11th Cir. 2002) (holding that "habeas case was pending only from the time that [petitioner] filed his actual § 2254 petition" for AEDPA purposes).  Unless and until a § 2254 petition is

filed, this Court has no jurisdiction to consider timeliness of such petition as there is no case or controversy.  *See, e.g.*, United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding federal court lacks jurisdiction to consider timeliness of § 2255 petition until petition is actually filed because, without petition, there was no case or controversy and any opinion on timeliness would be advisory); Swichkow v. United States, 565 F. App'x 840, 844 (11th Cir. 2014) (citing Leon and explaining: "[B]ecause Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard.  Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").  *See also, e.g.*, Perez v. Unnamed Respondent, No. 2:13cv324-FtM-29SPC, 2013 U.S. Dist. LEXIS 64986, at *1 (M.D. Fla. May 7, 2013) (dismissing motion requesting an extension of time to file § 2254 habeas petition as premature);  In re: Ortiz, No. CV-10-2103-CJC (RNB), 2010 WL 1170484 (C.D. Cal. Mar. 25, 2010) (denying application for extension of time and summarily dismissing matter without prejudice where state prisoner sought extension of time to file federal habeas corpus petition); Pounds v. Quarterman, No. 3:08cv416-K, 2008 WL 1776456 (N.D. Tex. Apr. 14, 2008) (order adopting report and recommendation to dismiss motion for extension of time for lack of jurisdiction where state prisoner sought extension of time to file federal habeas petition under § 2254).

      Because Mr. Broadnax does not currently have a habeas petition pending, the motion requesting an extension of time to file a § 2254 petition should be denied as premature.  If Petitioner desires to initiate a § 2254 petition, he must do so by filing a petition on the form approved for use in this Court.  N.D. Fla. Loc. R. 5.1(J).

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the Court issues a certificate of appealability. Mr. Broadnax has not made a substantial showing that his constitutional rights have been denied. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in the Order[2] adopting this Report and Recommendation. Mr. Broadnax is advised that he should present any argument as to whether a certificate should issue by filing "objections" to this Report and Recommendation.

Finally, should Mr. Broadnax desire to file an appeal, it is recommended that leave to appeal in forma pauperis also be denied. See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis). Notably, Mr. Broadnax did not pay the filing fee for this case or submit a motion seeking in forma pauperis status at the time of case initiation.

---

[2] The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."

**RECOMMENDATION**

It is therefore respectfully **RECOMMENDED** that the motion for extension of time (Doc. 1) be **DENIED** and the case be **DISMISSED** without prejudice.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 4, 2015.

> S/    Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**